33 F.3d 57
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Michael WINT, Appellant.
 No. 93-3678.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 4, 1994.
Filed: August 10, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael Wint appeals the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion to modify his sentence. We affirm.
 
 
 2
 Wint and his codefendants Charlie Murdock and Stanley Bryan were found guilty of conspiring to distribute cocaine and aiding and abetting the distribution of cocaine. Wint and Murdock were also found guilty of threatening codefendant and witness Bryan with the intent to influence his testimony. In sentencing Wint, the district court added two levels to Wint's offense level for obstructing justice, and departed upward the equivalent of four additional levels based on his death threats to Bryan and Bryan's family. Wint appealed his conviction and sentence, arguing, among other things, that the court erred in departing upward based on the severity of the death threats. This court affirmed. United States v. Wint, 974 F.2d 961, 963 (8th Cir. 1992), cert. denied, 113 S. Ct. 1001 (1993).
 
 
 3
 Wint filed this section 2255 motion, challenging the district court's upward departure as "double counting," and arguing his counsel was ineffective at sentencing by failing to object to and rebut prejudicial, erroneous information in the presentence report. Wint did not identify the objectionable information. The district court denied the motion.
 
 
 4
 On appeal, Wint has abandoned his attacks on the departure itself and now argues only that the district court erred in departing upward four levels without giving him prior notice of its intent to do so, and that his counsel's performance at sentencing was thus rendered constitutionally deficient.
 
 
 5
 The Supreme Court has held that "before a district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government, [Federal Rule of Criminal Procedure] 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling." Burns v. United States, 501 U.S. 129, 138 (1991). Here, the government asked for an upward departure in its position paper a month before sentencing. Wint's counsel acknowledged at sentencing that the court notified him a day or two before sentencing that it was contemplating an upward departure. Counsel was given an opportunity to argue against the departure, and did so.
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota